JDL:GMP
F.#2010R01661/OCDETF # NY-NYE-648Z/NY-NYE-670Z

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MAGDALENA NIKOLLAJ,
    also known as "Magdalena
    "Karaqi,"

                Defendant.

- - - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N F O R M A T I O N

Cr. No. 11-486 (S-2)(DLI)
(T. 21, U.S.C., §§
841(b)(1)(D), 846, 853(a)
and 853(p); T. 18, U.S.C.,
§§ 3551 et seq.)

FILED
IN CLERK'S OFFICE
MAY 16 2013
BROOKLYN OFFICE

THE UNITED STATES ATTORNEY CHARGES:

MARIJUANA DISTRIBUTION CONSPIRACY

    1.  In or about and between June 2010 and June 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MAGDALENA NIKOLLAJ, also known as "Magdalena Karaqi," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

    (Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

2.  The United States hereby gives notice to the defendant that, upon her conviction of the sole count of the superseding information, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including but not limited to $14,000 in United States currency seized from the residence of defendant GJAVIT THAQI at the time of his arrest and allegedly claimed by defendant MAGDALENA NIKOLLAJ, also known as "Magdalena Karaqi."

3.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

2

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

3