

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT
F.#2011R01661/NY-NYE-648Z

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 30, 2013

By Hand and ECF
The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Magdalena Nikollaj
       Criminal Docket No. 11-486 (S-1)(DLI)

Dear Judge Irizarry:

  The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for October 8, 2013.  By letter dated September 23, 2013, the defendant requests a sentence of probation.  For the reasons set forth below, the government does not oppose the defendant's request and respectfully requests that the Court sentence her within the advisory Sentencing Guidelines range of 0 to 6 months' imprisonment.

I.  Background

  In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe.  See (Presentence Report ("PSR") ¶¶ 4-6).

  During the course of the charged conspiracy, the defendant Magdalena Nikollaj was involved in a romantic relationship with co-defendant Gjavit Thaqi.  At Thaqi's request, Nikollaj smuggled approximately $65,000 in bulk cash across the border into Canada, which represented the proceeds of narcotics trafficking activities by Thaqi and his criminal associates.  Once in Canada, Nikollaj delivered the drug proceeds to a criminal co-conspirator on behalf of Thaqi. (PSR ¶ 21).

On May 16, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of Count Three of the superseding indictment, charging the defendant with a misdemeanor conspiracy to possess marijuana, in violation of Title 21, United States Code, Sections 846, 841(b)(4) and 844(a).  (PSR ¶ 1).[1]

II.  Discussion

    A.   Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005).  However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id.  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [a district court] may not presume that the Guidelines range is reasonable.  [A district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

---

[1] Paragraph 1 of the PSR incorrectly states that the defendant pled guilty to a lesser-included offense within Count One of the indictment.  In fact, she pled guilty to a lesser-included offense within Count Three of the Indictment.

    B.    <u>The Advisory Guidelines Range Is 0 to 6 Months</u>

The Probation Department has determined that the adjusted offense level is 2, the defendant is in Criminal History Category I, and the advisory Guidelines sentencing range is 0 to 6 months. (PSR ¶ 146). The government supports a further two-point reduction for global disposition pursuant to Policy Statement 5K2.0. Including this reduction, the resulting advisory Guidelines sentencing range remains 0 to 6 months.

    C.    <u>A Sentence Within the Guidelines Range Is Appropriate in This Case</u>

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case. A sentence within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). While the defendant's conduct in the conspiracy was minor in comparison to most of his co-defendants, it was nonetheless a serious crime. A sentence within the advisory Guidelines range will serve these important purposes of sentencing. Pursuant to the plea agreement, the government takes no position where within the Guidelines range the sentence should fall. Since a sentence of Probation falls within the applicable Guidelines range, the government has no objection to the defendant's request for a probationary sentence.

IV.  Conclusion

In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. § 3553(a).  Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 0 to 6 months, but does not oppose a sentence of probation.

                      Respectfully submitted,

                      LORETTA E. LYNCH
                      United States Attorney
                      Eastern District of New York

By:    /s/
                      Steven L. Tiscione
                      Gina M. Parlovecchio
                      Assistant U.S. Attorney
                      (718) 254-6317/6228

cc:  Victoria Aguilar, U.S. Probation Officer (by E-mail)
     Elizabeth Macedonio, Esq. (by ECF)
     Clerk of Court (DLI) (by ECF)